UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

————————————————————————————X

THE ANNUITY, PENSION, WELFARE AND TRAINING
FUNDS OF THE INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 14-14B, AFL-CIO, BY THEIR TRUSTEES
EDWIN L. CHRISTIAN, CHRISTOPHER T. CONFREY, JOHN
CRONIN, DON DeNARDO, KENNETH KLEMENS, JR., JOHN          **COMPLAINT**
F. O'HARE, DENISE M. RICHARDSON and ERNESTO TERSIGNI,
and INTERNATIONAL UNION OF OPERATING ENGINEERS          CV-18-159
LOCAL 14-14B, AFL-CIO, BY ITS BUSINESS MANAGER
EDWIN L. CHRISTIAN,

                                        Plaintiffs,

        -against-

COLE PARTNERS, INC.,

                                        Defendant.

————————————————————————————X

        Plaintiffs THE ANNUITY, PENSION, WELFARE AND TRAINING FUNDS OF THE

INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 14-14B, AFL-CIO

("Plaintiffs LOCAL 14 TRUST FUNDS") and Plaintiff INTERNATIONAL UNION OF

OPERATING ENGINEERS LOCAL 14-14B, AFL-CIO ("LOCAL 14"), by their attorneys,

BRADY McGUIRE & STEINBERG, P.C., for their Complaint, respectfully allege:

        1.      This is an action arising under the Employee Retirement Income Security Act of

1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") and Section 301 of the Labor

Management Relations Act of 1947, as amended, 29 U.S.C. § 185 et seq. ("LMRA") to recover

annuity, pension, welfare and training contributions along with voluntary annuity (including

political action committee), dues assessment and defense fund payments from Defendant COLE

PARTNERS, INC. ("COLE PARTNERS").

## JURISDICTION & VENUE

2.      The subject matter jurisdiction of this Court is invoked pursuant to Sections 502

and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, along with Section 301(c) of the LMRA, 29

U.S.C. § 185(c).

3.      Venue is properly laid in the Eastern District of New York pursuant to Section

502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and Section 301(a) of the LMRA, 29 U.S.C. §

185(a), in that, Plaintiffs LOCAL 14 TRUST FUNDS and Plaintiff LOCAL 14 are both

administered from offices located at 141-57 Northern Boulevard in Flushing, County of Queens,

State of New York.

## THE PARTIES

4.      Plaintiffs LOCAL 14 TRUST FUNDS are joint trustee funds established by

various trust indentures pursuant to Section 302 of the LMRA, 29 U.S.C. § 186.

5.      EDWIN L. CHRISTIAN, CHRISTOPHER T. CONFREY, JOHN CRONIN, DON

DeNARDO, KENNETH KLEMENS, JR., JOHN F. O'HARE, DENISE M. RICHARDSON and

ERNESTO TERSIGNI are Trustees of the LOCAL 14 TRUST FUNDS and are "fiduciaries"

within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6.      The LOCAL 14 ANNUITY and PENSION FUNDS are employee pension benefit

plans within the meaning of Section 3(2) of the ERISA, as amended, 29 U.S.C. § 1002(2) and

established for the purpose of providing retirement income to eligible participants.

7.      The LOCAL 14 WELFARE and TRAINING FUNDS are employee welfare

benefit plans within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and established

for the purpose of providing medical and skill improvement benefits to eligible participants.

8.      Plaintiffs LOCAL 14 TRUST FUNDS constitute multi-employer/employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

9.      Plaintiff LOCAL 14 is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C. § 152 having its principal office for the transaction of business located at 141-57 Northern Boulevard, Flushing, New York.

10.     EDWIN L. CHRISTIAN is the Business Manager and chief executive officer of Plaintiff LOCAL 14.

11.     Upon information and belief, Defendant COLE PARTNERS was and still is a New York corporation with its principal place of business located at 242 Nevins Street, Brooklyn, New York.

12.     Upon information and belief, Defendant COLE PARTNERS was and still is a foreign corporation duly licensed to do business in the State of New York.

13.     Upon information and belief, Defendant COLE PARTNERS was and still is a foreign corporation doing business in the State of New York.

14.     Upon information and belief, Defendant COLE PARTNERS is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and Section 301 of the LMRA, 29 U.S.C. § 185.

## BACKGROUND INFORMATION

15.     At all times relevant hereto, Plaintiff LOCAL 14 and Defendant COLE PARTNERS have been parties to a collective bargaining agreement and Defendant COLE PARTNERS agreed to be bound by the terms and conditions thereof (hereafter referred to as the "Collective Bargaining Agreement").

16.     Pursuant to the terms of the Collective Bargaining Agreement, Defendant COLE

PARTNERS is obligated to remit, at specified rates, annuity, pension, welfare and training

contributions along with voluntary annuity (including political action committee), dues

assessment and defense fund payments based upon each regular or straight and double time hour

of work performed by those employees covered by the Collective Bargaining Agreement.

17.     Pursuant to the terms of the Collective Bargaining Agreement, all such

contributions and payments as identified in paragraph 16, above, are required to be remitted

though the purchase of stamps from the Fund Office for Plaintiffs LOCAL 14 TRUST FUNDS.

## AS AND FOR A FIRST CAUSE OF ACTION
## (BREACH OF COLLECTIVE BARGAINING AGREEMENT)

18.     Plaintiffs repeat and reallege each and every paragraph of the Complaint

numbered 1 through 17 inclusive with the same force and effect as though more fully set forth at

length herein.

19.     In accordance with the underlying Collective Bargaining Agreement and the Trust

Agreements establishing Plaintiffs LOCAL 14 TRUST FUNDS, Defendant COLE PARTNERS

consented to the performance of an audit of its books and records to determine whether said

Defendant had made all of the required contribution payments to Plaintiffs LOCAL 14 TRUST

FUNDS and Plaintiff LOCAL 14 in accordance with the Collective Bargaining Agreement for

the period of July 1, 2014 through June 30, 2017.

20.     That on or about October 24, 2017, the results of said audit were detailed by the

auditor for Plaintiffs which determined that Defendant COLE PARTNERS had failed to provide

the contractually required annuity, pension, welfare and training contributions with interest,

along with the required voluntary annuity (including political action committee), dues

assessment and defense fund payments for the period of July 1, 2014 through June 30, 2017 in the amount of $3,875.89.

21.    Defendant COLE PARTNERS has failed to pay any portion of the outstanding amount owed in annuity, pension, welfare and training contributions with interest totaling $3,158.09.

22.    Defendant COLE PARTNERS has failed to pay any portion of the outstanding amount owed in voluntary annuity (including political action committee), dues assessment and defense fund payments totaling $717.80.

23.    Accordingly, as a direct and proximate result of the defaults, omissions and breaches of the Collective Bargaining Agreement by Defendant COLE PARTNERS, said Defendant is liable to Plaintiffs LOCAL 14 TRUST FUNDS and Plaintiff LOCAL 14, collectively, in the amount of $3,875.89.

## AS AND FOR A SECOND CAUSE OF ACTION
### (BREACH OF ERISA OBLIGATIONS)

24.    Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 23 inclusive with the same force and effect as though more fully set forth at length herein.

25.    The failure of Defendant COLE PARTNERS to make the required annuity, pension, welfare and training contribution payments to Plaintiffs LOCAL 14 TRUST FUNDS for the period audited of July 1, 2014 through June 30, 2017 in the amount of $3,158.09 is a violation of Section 515 of ERISA, 29 U.S.C. § 1145 which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

26.     Defendant COLE PARTNERS remains delinquent in making the proper contribution payments and has failed to pay any portion of the outstanding contributions owed to Plaintiffs LOCAL 14 TRUST FUNDS as detailed above.

27.     Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Fund's Plan, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) statutory damages; (d) reasonable attorneys' fees; (e) auditor's fees, if any; and (f) the costs and disbursements of the action.

28.     Accordingly, as a direct and proximate result of the breach of the Collective Bargaining Agreement by Defendant COLE PARTNERS and as a result thereof having violated Section 515 of ERISA, 29 U.S.C. § 1145, said Defendant is liable to Plaintiffs LOCAL 14 TRUST FUNDS in the amount of $3,158.09, together with accumulated interest on the unpaid and/or untimely paid principal amount due and owing, statutory damages, reasonable attorneys' fees as well as the costs and disbursements incurred in this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

**WHEREFORE**, Plaintiffs LOCAL 14 TRUST FUNDS and Plaintiff LOCAL 14 demand judgment on the First Cause of Action as follows:

1.     Of Defendant COLE PARTNERS, INC., the contributions with interest along with voluntary annuity (including political action committee), dues assessment and defense fund payments due and owing in the amount of $3,875.89, together with prejudgment interest thereon.

**WHEREFORE**, Plaintiffs LOCAL 14 TRUST FUNDS demand judgment on the Second

Cause of Action as follows:

1.      Of Defendant COLE PARTNERS, INC., the annuity, pension, welfare and

training contributions with interest due and owing in the amount of $3,158.09, together with:

        a.      Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by Defendant, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

        b.      Statutory damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

        c.      Attorneys' fees, costs and disbursements in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

        d.      Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

Dated: Tarrytown, New York
       January 10, 2018

                      Yours, etc.

                      BRADY McGUIRE & STEINBERG, P.C.

By:     James M. Steinberg (JS-3515)
       Attorneys for Plaintiffs *I.U.O.E. Local 14-14B Trust Funds* and *I.U.O.E. Local 14-14B*
       303 South Broadway, Suite 234
       Tarrytown, New York 10591
       (914) 478-4293